NO. 07-02-0271-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL E



JANUARY 28, 2003



______________________________




CECIL WARD, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 242ND DISTRICT COURT OF CASTRO COUNTY;



NO. B2767-0108; HONORABLE ED SELF, JUDGE



_______________________________



Before JOHNSON, C.J., REAVIS, J., and BOYD, S.J. (1)

ABATEMENT AND REMAND

 On April 4, 2002, appellant Cecil Ward was convicted of murder with the use of a
deadly weapon. His punishment was assessed by the jury at life imprisonment in the
Institutional Division of the Department of Criminal Justice. Appellant timely filed his
appeal and the clerk's record was filed in this court on August 6, 2002. The court reporter
has been granted four extensions of time within which to file the reporter's record, with the
last extension being granted until December 13, 2002. However, we have never received
the reporter's record. In his last motion seeking an extension of time, the court reporter
certified that appellant had made the required payment and the written designation of
record.

 This state of the record requires us to remand the case to the 242nd District Court
of Castro County to conduct hearings as mandated by Texas Rules of Appellate 
Procedure 37.3(2) and 38.8.

 Upon remand, the judge of the trial court shall immediately cause proper notice to
be given and conduct a hearing to determine:

 1. whether appellant desires to prosecute the appeal, and if so,


 2. why appellant has been deprived of a reporter's record,


 3. if any other orders are necessary to ensure the diligent and prompt
pursuit of appellant's appeal.


 In support of its determination, the trial court shall prepare and file written findings
of fact and conclusions of law and cause them to be included in a supplemental clerk's
record. The hearing proceedings shall be transcribed and included in a supplemental
reporter's record. These supplemental records shall be submitted to this court not later
than February 28, 2003.

 It is so ordered. 

 Per Curiam

Do not publish. 
1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by
assignment. Tex. Gov't Code Ann. §75.002(a)(1) (Vernon Supp. 2003). 



of the
Amarillo Police Department. See 2A Steven Goode, Olin Guy Wellborn, III, and M. Michael
Sharlot, Courtroom Handbook on Texas Evidence 352 (Texas Practice 2002). 

 Rule 508 does not prescribe a specific procedure for assertion of the privilege. Indeed,
it does not require that the privilege be claimed in writing nor by motion for protective order,
motion in limine, nor otherwise, and appellant cites no authority setting forth a specific
procedure for asserting the privilege. At the pretrial hearing on appellant's motion to disclose
the confidential informant's identity, Officer Ponce, as "representative of the public entity to
which the information was furnished," testified that he did not want the identity of his confidential
informant disclosed for safety reasons. The search warrant also recited, "[t]he affiant [Officer
Ponce] does not wish to reveal the identity of the confidential informant for the protection and
safety of the confidential informant." Based on our review of the record, we conclude Officer
Ponce sufficiently claimed the informer privilege and thus, the trial court did not abuse its
discretion in denying appellant's motion to disclose the identity of the informer. Appellant's first
and second issues are overruled. 

 Accordingly, the judgment of the trial court is affirmed.


 Don H. Reavis

 Justice



Do not publish.